UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL JOHWAN SHAW,

Plaintiff,

v.

UNKNOWN BAKKLLA et al.,

Defendants.

Case No. 2:26-cv-89

Honorable Maarten Vermaat

# **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Compl., ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.”).[1]

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. The Court will also deny Plaintiff's motion to appoint counsel (ECF No. 7.)

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains, however, occurred at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Plaintiff sues the following AMF staff: Registered Nurse **Unknown Bakklla**, Correctional Officer **C. Shuster**, and Correctional Officer **B. Gollon**.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that, on December 25, 2025, Defendant Bakklla gave Plaintiff blood pressure and psychiatric medication intended for a different prisoner. (Compl., ECF No. 1, PageID.3.) When Plaintiff told Defendant Bakklla that the medication card accompanying the medication had a different prisoner's name on it, Defendant Bakklla blamed Plaintiff for taking the wrong medication and told Plaintiff that he would "be fine" and to "lay down and go to sleep." (*Id.*) Plaintiff requested that he be "pulled out and checked" and, after several minutes of arguing with Defendants Bakklla and Gollon, Plaintiff's "vitals were taken" and Plaintiff was returned to his cell. (*Id.)*

"A little while later," Plaintiff told Defendants Gollon and Shuster that he was "feeling weird and that [his] body felt as it [it] was going to give out." (*Id.*) Defendants Gollon and Shuster did not report this information to anyone. (*Id.*) Plaintiff states that he passed out, hit his head on the cell locker and the floor, and had a seizure. (*Id.*) Plaintiff suffered a cut on the side of his head. (*Id.*) Plaintiff was taken to the emergency department, where he was treated for "poison and laceration and other issues." (*Id.*)

Several days later, Plaintiff began experiencing headaches and loss of hearing, which he reported to health care via health request forms. (*Id.*) Plaintiff was scheduled "by nursing staff" to see a non-party registered nurse and "optometry," but Plaintiff was never seen. (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated Plaintiff's Eighth Amendment rights. (*Id.*, PageID.4.) Plaintiff seeks injunctive and monetary relief. (*Id.*)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Official Capacity Claims**

Plaintiff sues Defendants in their official capacities. (Compl., ECF No. 1, PageID.2.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58,

71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66).

Here, Plaintiff seeks injunctive and monetary relief. (Compl., ECF No. 1, PageID.4.) However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. Therefore, Plaintiff may not seek monetary damages against Defendants in their official capacities.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). The *Ex parte Young* doctrine "rests on the premise—less delicately called a 'fiction'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign immunity purposes." *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (internal citation omitted.) The Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly

characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Importantly, the Sixth Circuit has held that transfer to another correctional facility moots a prisoner's injunctive and declaratory claims. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). Here, Plaintiff is no longer confined at AMF, which is where he avers that Defendants are employed. Because Plaintiff is no longer at AMF, he cannot maintain his claims for injunctive relief against Defendants in their official capacities.

For all the reasons set forth above, Plaintiff has failed to state a claim against Defendants in their official capacities. Therefore, Plaintiff's official capacity claims will be dismissed.

**B. Personal Capacity Claims**

While Plaintiff's complaint states that Plaintiff intends to sue Defendants in their official capacities only, (Compl., ECF No. 1, PageID.2), Plaintiff also seeks monetary damages, which are available only against Defendants individually. Therefore, in deference to Plaintiff's *pro se* status, the Court will liberally construe Plaintiff's complaint as also raising claims against Defendants personally.

**1. Claims for Injunctive Relief**

Plaintiff seeks two types of injunctive relief against Defendants. First, Plaintiff asks that Defendants "be found guilty." (*Id.*, PageID.4.) To the extent that Plaintiff seeks to have Defendants found criminally guilty, this Court lacks the authority to compel state or federal officials to bring criminal charges. *See Wortman v. Board of Parole*, No. 20-5718, 2021 WL 9528123, at *2 (6th

Cir. Sept. 23, 2021) (affirming district court's dismissal of a state prisoner's complaint requesting that the court compel a criminal investigation or prosecution of private citizens).

Plaintiff does not have standing to file a criminal complaint because a private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). And the Executive Branch, rather than the Judicial Branch, has the sole power to bring criminal charges. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 Fed.Appx. 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Plaintiff also asks that Defendants "be relie[v]ed of [their] job duties as well." (Compl., ECF No. 1, PageID.4.) However, the Court does not have the authority to grant this type of relief under § 1983. *See, e.g., Theriot v. Woods*, No. 2:09-CV-199, 2010 WL 623684 at *4 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also Ross v. Reed*, No. 1:13-cv-143, 2013 WL 1326947, at *2 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees.").

Accordingly, the Court will dismiss Plaintiff's requests for injunctive relief for failure to state a claim upon which relief may be granted.

### C. Eighth Amendment Personal Capacity Claims

Plaintiff alleges that Defendants violated his Eighth Amendment rights. The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical

needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim for the deprivation of adequate medical care under the Eighth Amendment has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).

Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation

marks omitted), *abrogation on other grounds recognized by Lawler as next friend of Lawler v. Hardiman Cnty., Tenn.*, 93 F.4th 919 (6th Cir. 2024).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence. . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted).

**a. Defendant Bakklla**

Plaintiff alleges that Defendant Bakklla gave Plaintiff medication intended or a different prisoner, causing adverse effects, and that Defendant Bakklla told Plaintiff that Plaintiff would be "fine" and needed to "lay down and go to sleep." (Compl., ECF No. 1, PageID.3.) Plaintiff

requested that he be "pulled out and checked" and, after several minutes of arguing with Defendants Bakklla and Gollon, Plaintiff's "vitals were taken" and Plaintiff was returned to his cell. (*Id.*) These allegations do not state an Eighth Amendment claim.

There is nothing to suggest that Defendant Bakklla intended to give Plaintiff the wrong medication or that Defendant Bakklla was aware, at the time that the medication was being provided, that it was not intended for Plaintiff. Indeed, Plaintiff claims that, when he told Defendant Bakklla that the medication card accompanying the medication bore a different prisoner's name, Defendant Bakklla blamed Plaintiff for taking the wrong medication. Moreover, there is nothing to suggest that Defendant Bakklla did not believe that Plaintiff would be "fine" if Plaintiff went to lie down and go to sleep.

Plaintiff's allegations, though concerning, amount to nothing more than negligence, which is not actionable under the Eighth Amendment. *See Comstock*, 273 F.3d at 703 (explaining that "[t]he requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment"). Accordingly, the Court will dismiss Plaintiff's Eighth Amendment claim against Defendant Bakklla.

**b. Defendants Gollon and Shuster**

Plaintiff alleges that Defendant Gollon was present during his interaction with Defendant Bakklla where Plaintiff told Defendant Bakklla that he had taken the wrong medication, Defendant Bakklla told Plaintiff that he was "fine" and that he needed to lie down and sleep, and where Plaintiff's vital signs were checked before Plaintiff was sent back to his cell. (Compl., ECF No. 1, PageID.3.) Plaintiff claims that he later told Defendants Gollon and Shuster that he was "feeling

weird and that [his] body felt as it [it] was going to give out," but Defendants Gollon and Shuster did not notify anyone of Plaintiff's statements. (*Id.*)

As with Plaintiff's allegations against Defendant Bakklla, there are no facts to plausibly suggest that Defendants Gollon and Shuster were subjectively aware that Plaintiff's complaints indicated a substantial risk of serious harm. Indeed, there are no facts within Plaintiff's complaint that would suggest that Defendant Shuster was even subjectively aware that Plaintiff had taken the wrong medication, and there are no facts to suggest that Defendant Gollon was aware that Defendant Bakklla's medical assessment of Plaintiff's condition was inadequate. Therefore, Plaintiff has not alleged facts that would allow the Court to conclude that Defendants Gollon and Shuster had "a sufficiently culpable state of mind" in failing to secure additional Plaintiff medical care. *Brown*, 207 F.3d at 867. The Court will, therefore, also dismiss Plaintiff's Eighth Amendment claim against Defendants Gollon and Shuster.

**c. Allegations Against Non-Parties, "Health Service," and "Nursing Staff"**

Plaintiff makes additional allegations against non-parties, "health service," and nursing staff." (Compl., ECF No. 1, PageID.3.) These factual allegations, even if construed against Defendants as a group, are insufficient to implicate any named Defendant.

As with any § 1983 claim, "each [g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 676. Thus, it remains Plaintiff's obligation to attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544. "Summary reference to a single, five-headed 'Defendants' [or officers or staff] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). Thus, Plaintiff's claims against "non-parties, "health service," and nursing staff" fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of

Civil Procedure and will be dismissed. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

**III. Motion to Appoint Counsel**

Plaintiff has also submitted a letter requesting forms needed to "get a court[-appointed] attorney." (ECF No. 7.) Plaintiff states that he has does not have a high school degree and is "fairly incompetent when it come[s] to law." (*Id.*, PageID.20.) The Court will construe Plaintiff's letter as a motion to appoint counsel.

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–605 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court determines that the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. The Court will therefore deny Plaintiff's request for appointment of counsel.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also deny Plaintiff's motion to appoint counsel (ECF No. 7).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

A judgment consistent with this opinion will be entered.

Dated: October 29, 2026

/s/ *Maarten Vermaat*

Maarten Vermaat
United States Magistrate Judge